UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA**          CRIMINAL NO. 3:22-CR-00233
                                      CIVIL NO. 3:24-CV-00424

**VERSUS**                            JUDGE DAVID C. JOSEPH

**JEKORRIS LOUDARRIES WILLIAMS**      MAGISTRATE JUDGE KAYLA D.
                                      MCCLUSKSY

## ORDER

Before the Court is a MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (the "Motion") [Doc. 39] filed *pro se* by Defendant, Jekorris Loudarries Williams ("Williams") on March 25, 2024. The government filed a Response on June 10, 2024. [Doc. 52]. After considering the arguments of the parties,[1] the record, and the relevant case law, the Motion is DENIED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.   Indictment & Guilty Plea**

On September 28, 2022, a federal grand jury returned a three-count Indictment against Williams, charging him with possession of firearms by a prohibited person, possession with intent to distribute marijuana, and possession of firearms in furtherance of drug trafficking. [Doc. 1]. On October 25, 2022, Brennan

---

[1]   The Court determined that no evidentiary hearing on the Motion was required. "When the files and records of a case make manifest the lack of merit of a Section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013). An evidentiary hearing on a § 2255 motion is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Rayshad Manning ("Manning") was appointed as Williams's counsel. [Docs. 13, 14]. On December 19, 2022, Williams pled guilty in this Court to one count of possession of firearms in furtherance of drug trafficking. [Doc. 26]. His plea was pursuant to a written plea agreement, which was accepted by the Court, and he was represented by Manning at his change of plea hearing. [Docs. 27, 28].

During the guilty plea colloquy, the Court established that Williams had never been in a mental institution or treated for a mental illness of any kind; was not under the influence of any medications or drugs; was able to assist in his own defense; had discussed the charges with his attorney; and was satisfied with his attorney's representation. Williams also informed the Court that he had not been forced to plead guilty; he had seen and received a copy of the charges that had been filed against him; and he understood both the maximum possible sentence he faced and the effect of the sentencing guidelines in his case. Williams further stated that he understood his constitutional right to remain silent; his constitutional right to the assistance of counsel; his constitutional right to trial by jury; his constitutional right to a presumption of innocence that the government must overcome by proving guilt beyond a reasonable doubt; and his constitutional right to cross-examine opposing witnesses and to subpoena witnesses on his behalf.

**B.     Sentencing**

In the final Presentence Investigation Report ("PSR"), [Doc. 31], the probation office assessed Williams with a base offense level of 0 [Doc. 31, ¶ 38]. The criminal history computation in the PSR established Williams's criminal history category of

II. Williams's guideline imprisonment term was the statutorily required 60 months. [Doc. 31, ¶ 48).

On March 24, 2023, Williams was sentenced to 60 months imprisonment, five years of supervised release, and a $100 special assessment. [Doc. 34]. Counts One and Two of the Indictment were dismissed. *Id.* Williams was informed by the Court at his sentencing hearing that he had the right to appeal his sentence, that a notice of appeal must be filed within 14 days of judgment if he wished to appeal, and that Manning would remain his attorney during this time period. [*See* Official Transcript of Sentencing, Doc. 53, p. 7]. The judgment was issued on March 24, 2023. [Doc. 34].

**C.     Instant Motion**

On March 25, 2024, Williams filed the instant Motion, requesting that the Court vacate, set aside, or correct his sentence. [Doc. 39]. In his Motion, Williams asserts that Manning provided ineffective assistance of counsel, in that he: (i) failed to file a timely notice of appeal; (ii) failed to file a motion to dismiss Counts One and Two of the Indictment on grounds the Court lacked jurisdiction over these claims under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022); and (iii) failed to file a motion to suppress challenging the search of his residence, which was conducted by state officials pursuant to a state warrant and used by the federal government – the so-called "silver platter doctrine" – and on grounds that the arrest warrant and protective search were invalid. On March 27, 2024, the Court ordered the government to respond to Defendant's Motion. [Doc. 41]. The government's response was filed on June 10, 2024. [Doc. 52].

All issues having been fully briefed, the Motion is ripe for review.

## LAW AND ANALYSIS

A.   **28 U.S.C. § 2255 Standard**

Williams seeks relief pursuant to 28 U.S.C. § 2255. That section provides, as relevant here:

> (a)   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Section 2255 post-conviction relief is reserved for errors of constitutional dimension and other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a complete miscarriage of justice. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996).

1.   **Ineffective Assistance of Counsel**

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *U.S. v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (i) that defense counsel's performance was deficient; and (ii) that the deficient performance prejudiced the defendant. *Id.*

In *Roe v. Flores-Ortega*, the Supreme Court set forth the standards applicable to a claim of ineffective assistance of counsel due to counsel's failure to file a notice of appeal. 528 U.S. 470, 476-77, 120 S. Ct. 1029, 145 L.Ed.2d 985 (2000). Under *Roe*, a "lawyer who disregards specific instructions from the defendant to file a notice of

appeal acts in a manner that is professionally unreasonable." *Roe*, 528 U.S. at 477, *citing Rodriquez v. United States*, 395 U.S. 327, 89 S. Ct. 1715, 23 L.Ed.2d 340 (1969) and *Peguero v. United States*, 526 U.S. 23, 28, 119 S. Ct. 961, 143 L.Ed.2d 18 (1999). *See also United States v. Tapp*, 491 F.3d 263, 265-66 (5th Cir. 2007) (failure to file a requested notice of appeal is *per se* ineffective assistance of counsel). In *Tapp*, the Fifth Circuit further held that the rule of *Roe* applies even where a defendant has waived his right to direct appeal and collateral review.[2] "[A]t the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Roe*, 528 U.S. at 477, *citing Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L.Ed.2d 987 (1983). But for cases that lie between these scenarios, that is, where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, courts must ask an antecedent question, that is, "whether counsel in fact consulted with the defendant about an appeal." *Roe*, 528 U.S. at 478. "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id*. However, if counsel has not consulted with the defendant, a second, subsidiary

---

[2] "[I]f the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver." *Tapp*, 491 F.3d at 266.

question must be asked: Whether counsel's failure to consult with the defendant itself constitutes deficient performance. *Id.*

While acknowledging that the "better practice is for counsel routinely to consult with the defendant regarding the possibility of an appeal," the *Roe* Court refused to establish a bright line rule that counsel *always* has a duty to consult with a defendant about an appeal, explaining:

> For example, suppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is "professionally unreasonable," as a constitutional matter, in not consulting with such a defendant regarding an appeal. Or, for example, suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information. We therefore reject a bright-line rule that counsel must always consult with the defendant regarding an appeal.

*Id.* at 479-80 (internal citations omitted). Considering the foregoing, the court held that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either: (i) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal); or (ii) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Id.* at 480; *see also United States v. Gross*, 2022 WL 1517031 at *2 (5th Cir. May 13, 2022) (unpubl.), *cert. denied*, 143 S. Ct. 1008, 215 L.Ed.2d 141 (2023). In making this determination, courts must take into account all the information counsel knew or should have known, including the "highly relevant

factor[s]" of whether the conviction follows a trial or a guilty plea; whether the defendant received the sentence bargained for as part of the plea; and whether the plea expressly reserved or waived some or all appeal rights. *Roe*, 528 U.S. at 480. *See also United States v. Cong Van Pham*, 722 F.3d 320, 324 (5th Cir. 2013) ("Whether the conviction followed a trial or a guilty plea is 'highly relevant,' although not determinative, as is whether the defendant waived his right to appeal and whether he received a sentence for which he bargained.").

Under the second part of the *Strickland* test, a defendant is required to show actual prejudice from counsel's deficient performance, that is, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. *Roe*, 528 U.S. at 484. The question of whether a defendant has made the requisite showing will turn on the facts of a particular case, but "evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Id.* at 485-86. In *United States v. Bejarano*, 751 F.3d 280, 286 (5th Cir. 2014), the Fifth Circuit concluded that defendants failed to establish actual prejudice where they argued only that they "would have appealed," and where they waited "almost a full year after sentencing" to file their petitions.[3] Under these circumstances, the *Bejarano* court

---

3   Although not binding on this Court, the Sixth Circuit's decision in *Johnson v. United States*, 364 F. App'x 972, 977 (6th Cir. 2010) (unpublished) is instructive:

> Here, the facts suggest an improbability that Johnson would have timely appealed. He knew that any appeal had little chance of success. Johnson was fully informed of his right to appeal and of the ten-day window in which to do

found that defendants failed to show there was a reasonable probability they would have appealed but for counsels' deficiency. 751 F.3d at 287.

Here, Williams provides this Court with no evidence that he actually requested an appeal prior to the deadline for filing an appeal. That is, Williams has proffered no letters, texts, emails, or phone records showing that he asked Manning to file an appeal on his behalf prior to the appeal deadline. Manning, however, filed a sworn statement, wherein he states:

> THAT on or about January 30, 2024, I was informed by Mr. Williams mother through text message that Mr. Williams was interested in an appeal.
>
> THAT on or about February 16, 2024, I filed a Notice of Appeal[4] and a Motion to Withdraw with the understanding counsel for the Appeal would be appointed. I also had the understanding that the time for appeal had expired, and the Appointed appeal counsel would inform Mr. Williams of this.
>
> THAT on or about February 21, 2024, I contacted Mr. Williams' mother and informed her of the expiration of appeal time. She relayed the message to Mr. Williams and responded back to me "his psi said if Mr. Williams want to appeal his case at anytime". I expressed to Mr. Williams' mother that I had the understanding that whoever would be appointed to his appeal would be reaching out. Before this moment Mr.

---

so, yet he failed to contact Grant until two to three months after sentencing, long after the time to appeal had expired. *See* [*Richards v. United States*, 301 F. App'x 454, 459 (6th Cir. 2008)] (finding insufficient probability that defendant would have appealed where defendant "did not 'promptly' express a desire to appeal within the ten-day appeal period"). Even more tellingly, Johnson waited almost a full year after sentencing to file this 28 U.S.C. § 2255 motion. *See Cross v. United States*, 73 F. App'x 864, 866 (6th Cir. 2003) (denying relief where defendant "waited nearly eight months after sentencing" before filing a § 2255 motion based on failure to file a notice of appeal). Rather than suggesting that he would have timely appealed, Johnson's actions post-sentencing indicate that he was unlikely to have done so. On these facts, we cannot say that there is a reasonable probability Johnson would have timely appealed.

4   The record shows that Manning did not, in fact, file a notice of appeal.

> Williams had not expressed interest in an appeal. I as counsel did not explore the option of appeal due to the thought of there being nothing to appeal. Mr. Williams pled guilty to a mandatory minimum sentence under the penalties of 924(c).

[Doc. 52-1].

Thus, Manning affirmatively attests that the first indication he got from Williams about filing an appeal was on January 30, 2024. Given that Williams was sentenced on March 24, 2023, and had 14 days from that date to file a notice of appeal, the delay for filing an appeal had long since passed by the time Manning was requested to file an appeal. Thus, the Court does not find by a preponderance of the evidence that Williams explicitly instructed Manning to file a notice of appeal within the required timeframe.

Because the Court concludes that Williams did not instruct Manning to file or not file an appeal before the appeal deadline, pursuant to *Roe*, this Court must ask whether Manning consulted with Williams about an appeal. 528 U.S. at 478. While it does not appear that he did, the Court notes that the facts of this case are remarkably similar to the hypothetical scenario presented in *Roe*. That is, prior to Williams's guilty plea, Manning consulted with Williams; advised Williams that a guilty plea would lead to a 60-month sentence, which was the sentence required by statute; Williams no doubt expressed satisfaction with such a sentence and pled guilty; the Court sentenced Williams to 60 months as expected and informed Williams of his appeal rights; Williams did not express any interest in appealing at that time; and Manning concluded there were no nonfrivolous grounds for appeal. The *Roe* court explained that "[u]nder these circumstances, it would be difficult to say that counsel

is 'professionally unreasonable,' as a constitutional matter, in not consulting with such a defendant regarding an appeal." *Id.* at 479-80 (internal citations omitted).

Based on the circumstances of this case, the Court finds that Manning was not professionally unreasonable in not consulting with Williams regarding an appeal. The record shows that Manning negotiated a plea for Williams, who pled guilty and received the sentence he bargained for. *Roe*, 528 U.S. at 480; *Cong Van Pham*, 722 F.3d at 324. Manning had identified no issues with the PSR and no issues for appeal.

Nor does the Court find that there is a reasonable probability that, but for Manning's failure to consult with him about an appeal, he would have timely appealed. *Roe*, 528 U.S. at 484. Again, Williams was sentenced to the statutory mandatory minimum, and there were no nonfrivolous grounds for appeal. Moreover, Williams waited almost a full year before filing his § 2255 motion. Under these circumstances and considering that Williams did not promptly express a desire to appeal, the Court concludes that Williams fails to establish actual prejudice. *See, e.g., Bejarano*, 751 F.3d at 287.

Considering the foregoing, the Court finds that Manning did not provide ineffective assistance of counsel in failing to file an appeal on Williams's behalf, and Williams is not entitled to § 2255 relief on this claim.

### 2. Motion to Dismiss Indictment and Motion to Suppress Evidence

Williams also seeks § 2255 relief on grounds Manning should have filed a motion to dismiss Counts One and Two of the Indictment under *New York State Rifle & Pistol Association, Inc. v. Bruen*, which struck down a New York law that required residents to demonstrate "proper cause" to obtain a license to carry a handgun outside

the home on the ground that the law was not supported by "th[e] Nation's historical tradition of firearm regulation." 597 U.S. 1, 17, 142 S. Ct. 2111, 213 L.Ed.2d 387 (2022). Under *Bruen*, Williams argues that he had a Second Amendment right as an "ordinary, law-abiding citizen[]" to "carry a handgun for self-defense outside the home." *Id.* at 10. Williams also argues that Manning should have filed a motion to suppress the search of his residence.

The defendant is procedurally barred from raising these claims. "It is well settled that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the petitioner can first demonstrate either: (1) "cause" and "prejudice," or (2) that he is "actually innocent of the crime for which he was convicted." *Miranda v. United States*, 2013 WL 12374191, at *6 (W.D. Tex. Apr. 10, 2013), *report and recommendation adopted*, 2013 WL 12374190 (W.D. Tex. June 13, 2013), *citing United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999); *United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir. 1998). Here, to the extent defendant seeks collateral review of substantive issues which relate to the conduct of proceedings in the trial court other than his claim of ineffective assistance of counsel, the issues are procedurally barred. *Miranda*, 2013 WL 12374191, at *6 ("[s]pecifically, defendant's arguments that his plea was unlawfully induced and was not voluntary (because, in sum, his attorney did not file a motion to suppress or explain the 'silver platter' doctrine to defendant) are procedurally barred in these proceedings.").

Because the Court has concluded that Manning did not provide ineffective assistance in failing to timely file a notice of appeal, the defendant's substantive

claims may not now be raised collaterally. Furthermore, to the extent that Williams is arguing Manning was deficient in failing to raise these issues prior to his guilty plea, it is well-settled that an attorney's "conscious and informed decision on trial tactics and strategy" is not a permissible basis for an ineffective assistance of counsel claim unless the strategy was so poor it deprived the defendant of an opportunity to obtain a fair trial. *Green v. Johnson*, 117 F.3d 1115, 1122 (5th Cir. 1997). Specifically, the filing of pretrial motions is considered trial strategy. *See, e.g., Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984); *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985). Thus, Manning's decision to not file cannot be said to be deficient, particularly, where, as here, Manning was attempting to negotiate a favorable plea agreement with the government. *See also Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (counsel is not required to make futile motions or objections); *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995) (counsel is not "deficient for failing to press a frivolous point."). Consequently, the Court finds that Williams suffered no prejudice because of Manning's decision to not file motions for which there is no indication in the record would have had a chance of succeeding.

Williams is also unable to overcome the procedural bar by claiming actual innocence. The factual basis supporting the guilty plea shows that Williams had numerous guns in the residence where he was distributing drugs. [Doc. 27-2]. Furthermore, both Counts One and Two were dismissed on motion of the government after sentencing.

Finally, the Court is cognizant that § 2255 post-conviction relief is reserved for errors of constitutional dimension and other injuries that would result in a complete

miscarriage of justice. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996). Such circumstances clearly do not exist in this case.

Thus, for the foregoing reasons, the Court concludes that Williams is unable to show prejudice and is not entitled to § 2255 relief on these claims.

### CONCLUSION

Therefore, for the reasons stated herein,

IT IS HEREBY ORDERED that defendant's MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 [Doc. 39] is DENIED. A separate judgment is entered herewith.

IT IS FURTHER ORDERED, under 28 U.S.C. § 2253(c)(2) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, a Certificate of Appealability is DENIED.

THUS, DONE AND SIGNED in Chambers on this 27th day of June 2024.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE